UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

KENNETH MYRICK, of South
Portland, County of Cumberland,
State of Maine

      Plaintiff,

v.                                        CIVIL ACTION No. _____

UNITED STATES OF AMERICA

      Defendant.

## COMPLAINT

NOW COMES the Plaintiff, Kenneth "Jake" Myrick, by and through his attorneys, Terry Garmey & Associates, and complains against the Defendant, the United States of America, as follows:

## NATURE OF THE CASE

This action arises under the Federal Tort Claims Act, Section 2671-2680 of Title 28 of the United States Code as a result of the injuries sustained to Kenneth "Jake" Myrick. Mr. Myrick's injuries were solely and proximately caused as a result of the negligent medical treatment he received at a health facility operated by the Defendant.

## PARTIES

1.    Plaintiff, Kenneth "Jake" Myrick, is a resident of South Portland, in the County of Cumberland and State of Maine.

2.    Defendant, the United States of America, operates a health-care facility known as the Veterans Administration Medical Center at Togus, in the County of Kennebec and State of Maine.

## JURISDICTION AND VENUE

3.    This action arises under the Federal Tort Claims, Section 2671-2680 of Title 28 of the United States Code. This Court is vested with subject matter jurisdiction pursuant to Section 1436(b)(1) of Title 28 of United States Code.

4.     Venue is proper in the District of Maine pursuant to Section 1402(b) of Title 28 of the United States Code because the Plaintiff resides in the District of Maine and the medical malpractice complained occurred in the District of Maine.  Pursuant to Rule 3(b) of the Local Rules of this Court, this action is properly being filed in Bangor because the events giving rise to this claim occurred in Kennebec County.

## FACTUAL ALLEGATIONS

5.     Plaintiff, Kenneth "Jake" Myrick, repeats and realleges the allegations contained in Paragraphs 1 through 4 as if set forth herein in fill.

6.     Defendant's employees were careless and negligent and acted beneath the standard of care for medical providers when they negligently failed to perform the ankle surgery correctly on February 25, 2005 when he received an Elmslie procedure on his left ankle performed by. Dr. Thomas Franchini of the Veterans Administration.

7.     From the day of the surgery, Mr. Myrick continued to experience severe pain in his left leg.  This pain was due to a nerve entrapment that occurred during the Elmslie procedure and was not recognized by any of the VA doctors, including Dr. Franchini.

8.     On July 10, 2007, Dr. Franchini examined Mr. Myrick's left ankle with an MRI and explained that he saw no evidence of anything causing left ankle pain, including any nerve entrapment.

9.     On October 23, 2007, Mr. Myrick underwent arthroscopic surgery on his left knee at the Veterans Administration Hospital in Boston with Dr. Lorenzo Silvestri in order to try to rectify the severe pain in his left leg.

10.    Despite the surgery, Mr. Myrick continued to have severe leg pain and received various treatment throughout 2008, including injections, physical therapy, and exercises, all of which failed to solve the problem of severe leg pain.

11.    On August 29, 2008, numerous doctors in the Veterans Administration could not figure out the source of Mr. Myrick's leg pain.

12.    On January 27, 2010, Mr. Myrick again saw Dr. Franchini, reporting knee and ankle pain, and was prescribed a brace.  This was the last time Mr. Myrick saw Dr. Franchini, who then left the Veterans Administration.

13. In January 2011, Mr. Myrick had surgery on his left knee again at the Boston Veterans Administration Hospital with Dr. Silvestri in a further effort to solve the problem of severe leg pain.

14. Despite that January 2011 surgery, the severe pain in Mr. Myrick's left leg persisted.

15. On February 13, 2012, Mr. Myrick again had arthroscopic surgery by Dr. Sylvestri in Boston, but this did not solve the problem with severe pain in his leg.

16. From 2005 until 2012, Mr. Myrick had seen seven orthopedic surgeons and had multiple surgical procedures, including those at the Boston VA and the VA located in Maine.

17. On January 9, 2013, officials at the Veterans Administration contacted Mr. Myrick about his previous care with Dr. Franchini.

18. On February 11, 2013, Mr. Myrick was examined by Dr. James Sang with the Veterans Administration and told that the Elmslie procedure performed on his left ankle was unsuccessful due to "sub-standard performance of the procedure" and that Mr. Myrick "still clearly has lateral ankle instability in the left ankle clinically."

19. In 2014, Mr. Myrick was reexamined and it was determined that the Elmslie procedure resulted in a nerve entrapment, which was never recognized by Dr. Franchini and caused the severe pain felt throughout Mr. Myrick's leg in the time subsequent to the surgery.

20. At no time from 2005 until 2013 was Mr. Myrick made aware of the substandard care provided by Dr. Franchini, nor was he given any reasonable belief that Dr. Franchini had provided substandard care due to his continuous care with the VA.

21. It was not until 2013 that Mr. Myrick was given a reason for the severe pain that he was going through when the Elmslie procedure was specifically reevaluated by doctors with the Veterans Administration and the injury was discovered.

22. On May 15, 2013 Jake filed a complaint with the Veterans Administration, which the VA acknowledged receipt of on July 8, 2013, Claim #021B:WVK:3531.

23. On January 6, 2014, Claim #021B:WVK:3531was denied.

24. On March 26, 2014, Mr. Myrick received notice from the Veterans Administration that Claim #021B:WVK:3531 was being reconsidered.

25. On August, 18, 2014, Mr. Myrick received notice that the reconsideration of Claim #021B:WVK:3531 was denied.

## **COUNT I**

26.     Plaintiff, Kenneth "Jake" Myrick repeats and realleges the allegations contained in Paragraphs 1 through 25 as if set forth herein in full.

27.     Defendant's employees were careless and negligent and acted beneath the standard of care for medical providers when they negligently performed a surgical procedure that resulted in nerve entrapment, and then failed to recognize that nerve entrapment.

28.     As a result of the carelessness and negligence of the Defendant's employees, as aforesaid, Mr. Myrick, suffered severe pain, injury, and emotional distress.

29.     Mr. Myrick was in the continuous care of the medical personnel of the Veterans Administration, who continually failed to recognize the nerve entrapment injury during the 2005 Elmslie procedure and was never given the opportunity to have his ankle reexamined until 2013.

30.     Had the nerve entrapment been recognized, it is more likely than not that Mr. Myrick's severe pain would have been addressed successfully much earlier than the reexamination in 2013.

WHEREFORE, Plaintiff requests that judgment be entered against the Defendant for the damages which this Court deems reasonable, together with interest and costs.

Dated at Portland, Maine this 30th day of January, 2015.

Respectfully submitted,

 /s/Jonathan Sahrbeck_____
Gary Goldberg, Esq. Bar #320
Jonathan Sahrbeck, Esq., Bar #9984
Attorneys for Kenneth Myrick
Terry Garmey and Associates
482 Congress Street, Suite 402
Portland, ME  04101
207-899-4644
ggoldberg@garmeylaw.com
jsahrbeck@garmeylaw.com